UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND REAL ESTATE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN BROKERS CONDUIT, et al.,<br><br>    Defendants. | Case No. 16-cv-03937-HSG<br><br>**ORDER CONTINUING HEARING ON MOTION TO DISMISS TO ALLOW CORPORATE PLAINTIFF DIAMOND REAL ESTATE TO OBTAIN COUNSEL; ORDERING SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 7 |

Before the Court is the motion to dismiss Plaintiff Porfirio Jorque, Editha Palancia, and Diamond Real Estate's (collectively, "Plaintiffs") complaint filed by Defendants American Brokers Conduit, Ocwen Loan Servicing, LLC ("Ocwen"), American Home Mortgage Assets, Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass Through Certificates Series 2006-3 ("CitiBank"), American Home Mortgage Servicing, Inc. ("AHMS"), Mortgage Electronic Registration Systems, Inc. ("MERS"), American Home Mortgage Acceptance, and Western Progressive, LLC (collectively, "Defendants"). Defendants contend that Plaintiffs lack standing to bring the present cause of action, and, in the alternative, otherwise fail to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6). Dkt. No. 7 ("Mot."). Plaintiffs filed an opposition, Dkt. No. 26 ("Opp."), Defendants replied, Dkt. No. 27 ("Reply"), and Plaintiffs filed a "Response" to Defendants' reply, Dkt. No. 29 ("Response").

**I.    DISCUSSION**

    **A.    Diamond Real Estate**

A corporation may appear in federal court only through licensed counsel. *See U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also* N.D. Cal. L.R. 3-9(b) ("A

corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). A "case cannot be dismissed against a corporate entity on substantive grounds when the corporate entity has not properly appeared." *Jaguar Assocs. Grp. v. U.S. Postal Serv.*, No. C-07-5022 PVT, 2007 WL 4365488, at *2 (N.D. Cal. Dec. 12, 2007). Diamond Real Estate is a corporation that is unrepresented by an attorney. *See* Opp. at 7 (stating that "Plaintiffs . . . are In Pro Per"). An attorney "specially appeared" on behalf of Diamond Real Estate at an ADR phone conference, but represented that he had not yet been retained by Diamond. Because corporations cannot represent themselves in federal courts, Diamond lacks standing to bring this claim. The Court therefore **CONTINUES** the motion hearing previously set for November 17, 2016 to January 19, 2017 to allow Diamond Real Estate time to retain counsel. The Court **ORDERS** Diamond to file a declaration stating that it has hired counsel no later than December 16, 2016.

### B. Jorque and Palancia

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). A real party in interest is "any party to whom the relevant substantive law grants a cause of action." *U-Haul Intern, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986). "A real party in interest must have an actual, substantial interest in the subject matter of the action." *City of Industry v. City of Fillmore*, 198 Cal. App. 4th 191, 208 (N.D. Cal. 2011). To determine whether Jorque and Palancia are real parties in interest here, the Court "must look to the substantive law that governs this case." *U-Haul*, 793 F.2d at 1038.

Defendants argue that Jorque and Palancia are not parties in interest to this action because they transferred their interest in the Subject Property to Diamond Investments in 2011. *See* Mot. at 4-5. However, Defendants base that claim on the unsupported assertion that "[g]enerally, the real party in interest is the person holding title to the claim or property involved, as opposed to others who may be interested in or benefit by the litigation." *See id.* at 5. Plaintiffs also fail to adequately address this argument in their opposition. The Court therefore **ORDERS** Defendants to file supplemental briefing not to exceed 10 pages no later than December 23, 2016, explaining on a claim-by-claim basis why the substantive law governing each claim alleged by Plaintiffs does

1  not grant them a cause of action so as to make them real parties in interest pursuant to Fed. R. Civ.
2  P. 17(a).  The Court **ORDERS** Plaintiffs to file responsive supplemental briefing on the same
3  question, also not to exceed 10 pages, no later than January 6, 2016.
4      **IT IS SO ORDERED.**
5  Dated: 11/16/2016

                        HAYWOOD S. GILLIAM, JR.
                        United States District Judge