UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND REAL ESTATE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN BROKERS CONDUIT, et al.,<br><br>    Defendants. | Case No. 16-cv-03937-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND REMANDING STATE LAW CLAIMS**<br><br>Re: Dkt. No. 60 |

    This case arises out of a prior trustee sale and planned foreclosure sale of real property located in Hayward, California. *See* Dkt. No. 58 ("FAC") ¶¶ 9–23. Pending before the Court is the motion to dismiss under Federal Rule of Procedure 12(b)(6) filed by Ocwen Loan Servicing, LLC; Citibank, N.A., as Trustee American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass Through Certificates Series 2006-3; American Home Mortgage Servicing, Inc.[1]; and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants"). Dkt. No. 60 ("Mot."). The Court previously dismissed the original complaint, granting leave to amend as to fourteen of the sixteen causes of action. Dkt. No. 57 (*Diamond Real Estate v. Am. Brokers Conduit*, No. 16-cv-03937-HSG, 2017 WL 412527, at *3 (N.D. Cal. Jan. 31, 2017)). Diamond Real Estate, Porfirio P. Jorque, and Editha Palancia (collectively, "Plaintiffs") then filed their amended complaint, pleading eight causes of action, including a single federal cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), 18 U.S.C. § 1961 *et seq*. FAC ¶¶ 24–134.[2] Of these eight causes of action, six were not alleged in the original

---

[1] In February 2012, American Home Mortgage Servicing, Inc. changed its name to Homeward Residential, Inc. Dkt. No. 9.
[2] Plaintiffs also seek declaratory relief. *See* FAC ¶¶ 24–38 (First Cause of Action). However, this is not a standalone federal claim. As described in the Court's prior order, the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, provides an additional remedy, not an independent theory of recovery. *See Diamond*, 2017 WL 412527, at *10 (citing *Team Enters., LLC v. W. Inv. Real Estate Trust*, 721 F. Supp. 2d 898, 911 (E.D. Cal. 2010)).

complaint. *Compare id. with* Dkt. No. 1-1 ¶¶ 124–250. Having carefully considered the arguments raised by the parties' briefs, the Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b).[3]

In addressing Defendants' pending motion to dismiss, the Court focuses first on the only federal cause of action, alleging that Defendants violated the RICO Act. *See* FAC ¶¶ 131–34. As a threshold issue, the Court's prior dismissal order did not grant leave to add new claims in the amended complaint. *See Diamond*, 2017 WL 412527, at *11 (granting leave to amend on fourteen of the sixteen causes of action alleged in the original complaint). Nor did Plaintiffs seek Defendants' consent or the Court's leave to add the RICO claim. *See* Fed. R. Civ. P. 15(a)(2). Under these circumstances, new claims asserted for the first time in an amended complaint are typically stricken. *See, e.g.*, *Benton v. Baker Hughes*, No. CV 12-07735 MMM MRWx, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013) (citing cases), *aff'd sub nom. Benton v. Hughes*, 623 F. App'x 888 (9th Cir. 2015).

Even reaching the merits, the result is no different: Plaintiffs' RICO claim must be dismissed. "A civil RICO claim requires allegations of the conduct of an enterprise through a pattern of racketeering activity that proximately caused injury to the plaintiff." *Swartz v. KPMG LLP*, 476 F.3d 756, 760–61 (9th Cir. 2007). Moreover, to plead a civil RICO claim, plaintiffs must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). To avoid dismissal for inadequacy under Rule 9(b), Plaintiffs must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *See Edwards*, 356 F.3d at 1066 (internal quotation marks omitted). In

---

[3] Specifically, the Court has weighed the arguments raised by the motion, opposition, and reply briefs. *See* Dkt. Nos. 60, 64–65. However, the Court does not consider the arguments raised by Plaintiffs' supplemental brief, filed approximately six weeks after the reply in obvious violation of the Local Rules. *See* Dkt. No. 66; Civil L.R. 7-3(d) (prohibiting the filing of any supplemental material after the reply, with two exceptions (objections to reply evidence and statements of recent decisions), neither of which applies to Plaintiffs' supplemental brief). Defendants justifiably objected to Plaintiffs' supplemental brief on the same day it was filed. *See* Dkt. No. 67.

addition, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *See Swartz*, 476 F.3d at 764–65 (internal quotation marks and brackets omitted).

Here, Plaintiffs fail to plead with particularity the circumstances giving rise to the alleged RICO violation. *See* FAC ¶¶ 131–34. Plaintiffs make only generalized allegations as to the "who" (i.e., "Defendants"), the "what" (e.g., "by abusing fiduciary relationships to encourage plaintiffs to take out loans on their property, by acquiring liens and security interests in all of plaintiffs' property, and by keeping plaintiffs in perpetual apprehension of foreclosure and financial ruin"), and the "when" ("commencing on or around 07/01/15"), and are silent as to the "where" of the alleged RICO violation. *See id.* Instead, Plaintiffs essentially engage in the "formulaic recitation of the elements of a [RICO claim]," which would not even be sufficient under Rule 8(a), *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), much less under Rule 9(b). Accordingly, Plaintiffs' RICO claim must be dismissed.

The Court declines to grant leave to amend the RICO claim. In its prior dismissal order, the Court detailed the deficiencies of Plaintiffs' original complaint on a claim-by-claim basis, and cautioned that its decision to grant leave to amend was "not an invitation for Plaintiffs to replead substantially similar facts in the hope of a different result." *See Diamond*, 2017 WL 412527, at *11. Instead of making a good-faith effort to address the deficiencies identified by the Court, Plaintiffs have pled substantially similar facts while asserting, without Defendants' consent or the Court's leave, an entirely new (and meritless) federal RICO claim. Plaintiffs' five-page opposition to the motion to dismiss is conclusory and formulaic, completely fails to address the legal merits of *any* of the claims, and borders on incoherency. *See* Dkt. No. 64. And Plaintiffs have not explained why the RICO claim could not have been asserted in the original complaint. The Court therefore denies leave to amend because, at a minimum, the RICO claim was asserted after undue delay, and because granting further leave to amend under these circumstances would be futile given Plaintiffs' failure to address (or even to attempt to address) the pervasive deficiencies identified in the Court's detailed order. *See Leadsinger, Inc. v. BMG Music Pub.*, 512

3

F.3d 522, 532 (9th Cir. 2008) (declaring that district court has discretion to deny leave where movant has acted with undue delay or in bad faith, or where amendment would be futile, among other reasons).

Having dismissed Plaintiffs' sole federal cause of action, the Court must determine whether to exercise supplemental jurisdiction over the causes of action asserted under state law.[4] *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3)). Where all federal claims are eliminated before trial, the various pendant jurisdiction factors (judicial economy, convenience, fairness, and comity) typically weigh in favor of declining to exercise jurisdiction over the remaining state claims. *Id.* Given the early stage of these proceedings, California's interest in applying its own law, and the absence of any countervailing factors, the Court declines to exercise supplemental jurisdiction over the state law claims. Since the sole basis of removal was federal question jurisdiction, *see* Dkt. No. 1 ¶ 9, remand of the state law claims is appropriate, *see Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 636–37 (2009); *Bierman v. Toshiba Corp.*, No. C-10-4203 MMC, 2010 WL 4716879, at *2 (N.D. Cal. Nov. 12, 2010), *aff'd*, 473 F. App'x 756, 757 (9th Cir. 2012).

For the foregoing reasons, the Court **DISMISSES** Plaintiffs' Eighth Cause of Action with prejudice. This dismissal applies to all defendants named in this action.[5] The Court **REMANDS** the case to state court. The clerk is directed to remand the case forthwith to Alameda County

---

[4] Although Plaintiffs request declaratory relief, the DJA does not extend federal jurisdiction and a federal court may not award declaratory relief unless an underlying claim provides a basis for federal subject matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–74 (1950).

[5] Four named defendants were not listed in the moving papers. Western Progressive, LLC ("Western") appeared in state court prior to removal, but not in federal court, and Western's declaration of nonmonetary status was attached to the notice of removal. Dkt. No. 1 at 2 & Ex. G. American Brokers Conduit ("ABC") has not appeared and according to Defendants' counsel, went out of business as per its Chapter 11 liquidation filing under bankruptcy. Dkt. No. 15. American Home Mortgage Acceptance, Inc. and American Home Mortgage Assets, LLC have appeared but, like Western and ABC, are not listed as movants in the pending motion to dismiss. Mot. at 1. For the same reasons articulated in this Order, the Court *sua sponte* dismisses the RICO claims against these four defendants.

Superior Court and close the case.[6]

**IT IS SO ORDERED.**

Dated: 5/18/2017

*Haywood S. Gilliam Jr.* (signature)
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[6] In reaching its decision, the Court did not rely on the documents submitted with Defendants' request for judicial notice. *See* Dkt. No. 61 ("RJN"). Accordingly, Defendants' RJN is **DENIED AS MOOT.**

5